```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

JAMOR J. DEMBY,                    No. 23-cv-2042 (NLH-AMD)

        Plaintiff,

  v.                                       OPINION

COUNTY OF CAMDEN,

        Defendant.

APPEARANCE:

Jamor J. Demby
982910B
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

    *Plaintiff Pro se*

HILLMAN, District Judge

    Plaintiff Jamor J. Demby, a prisoner currently detained in South Woods State Prison, seeks to bring a complaint pursuant to 42 U.S.C. § 1983 against Camden County.  ECF No. 1.

    The Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will dismiss the complaint with prejudice.

1

I.   BACKGROUND

On September 22, 2022, this Court dismissed a complaint filed by Plaintiff in which he sought damages from the City of Camden and Camden County for failing to protect him from being shot on June 15, 2004.  See Demby v. City of Camden, No. 20-13893 (D.N.J. Sept. 22, 2022).  The Court granted a motion to dismiss on the grounds that the complaint, filed in 2020, was barred by the two-year statute of limitations for § 1983 actions.  Plaintiff appealed, and the Third Circuit summarily affirmed this Court's decision.  Demby v. City of Camden, No. 22-2941, 2023 WL 2160320, at *1 (3d Cir. Feb. 22, 2023).

Plaintiff submitted this complaint on April 10, 2023.  ECF No. 1.  The complaint reads in its entirety: "On 6/15/2004, while in the County of Camden, Plaintiff was shot in the City of Camden, in accordance to a custom, practice, policy or procedure in violation of Plaintiff's 14th Amendment rights due process.  Plaintiff was in the City of Camden when this happened."  Id. at 4.

II.   STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

2

defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and was incarcerated when he filed the complaint.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff's complaint is duplicative of the complaint dismissed by the Court in September 2022, No. 20-13893.  Both complaints allege that Plaintiff sustained injuries after being shot on June 15, 2004 and seek relief from Camden County after

3

alleging a custom, practice, policy or procedure.[1]  The Court dismissed the prior complaint as barred by the statute of limitations after Plaintiff was given notice and an opportunity to respond to the motion to dismiss.  Plaintiff may not have a second bite of the apple by bringing a new complaint on the same facts.  The Court will dismiss the complaint as duplicative.

Even if the complaint were not duplicative of Plaintiff's prior complaint, the Court would dismiss the complaint because it is barred by the statute of limitations.  This Court, and the Third Circuit, have already concluded that the two years during which Plaintiff could have filed a complaint regarding his June 15, 2004 injuries expired long ago.  Demby v. City of Camden, No. 22-2941, 2023 WL 2160320 (3d Cir. Feb. 22, 2023).  For this reason, the Court will deny leave to amend the complaint.

IV. CONCLUSION

For the reasons stated above, the complaint is dismissed with prejudice as duplicative of Civil Action No. 20-13893, or, in the alternative, as barred by the statute of limitations.  Leave to amend will be denied.

An appropriate order follows.

Dated: September 14, 2023         s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[1] Camden County was named as a defendant in the prior action but was never served with the complaint.

4