```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JAMOR J. DEMBY,<br><br>   Plaintiff,<br><br> v.<br><br>COUNTY OF CAMDEN,<br><br>   Defendant. | No. 23-cv-2042 (NLH-AMD)<br><br><br>OPINION |

APPEARANCE:

Jamor J. Demby
982910B/552013
4 South Industrial Blvd.
Bridgeton, NJ 08302

 *Plaintiff Pro se*

HILLMAN, District Judge

 The Court dismissed Plaintiff Jamor J. Demby's civil rights complaint with prejudice on September 14, 2023.  ECF No. 9.  Plaintiff now moves to alter or amend that judgment pursuant to Federal Rule of Civil Procedure 59.  ECF No. 10.  For the reasons set forth below, the Court will deny the motion.

I. BACKGROUND

 On September 22, 2022, this Court dismissed a complaint filed by Plaintiff in which he sought damages from the City of Camden and Camden County for failing to protect him from being shot on June 15, 2004.  See Demby v. City of Camden, No. 20-13893 (D.N.J. Sept. 22, 2022).  The Court granted a motion to

1

dismiss on the grounds that the complaint, filed in 2020, was barred by the two-year statute of limitations for § 1983 actions. Plaintiff appealed, and the Third Circuit summarily affirmed this Court's decision. Demby v. City of Camden, No. 22-2941, 2023 WL 2160320, at *1 (3d Cir. Feb. 22, 2023).

Plaintiff filed this complaint on April 10, 2023. ECF No. 1. The complaint read in its entirety: "On 6/15/2004, while in the County of Camden, Plaintiff was shot in the City of Camden, in accordance to a custom, practice, policy or procedure in violation of Plaintiff's 14th Amendment rights due process. Plaintiff was in the City of Camden when this happened." Id. at 4.

The Court dismissed the complaint with prejudice as it was duplicative of Civil Action No. 20-13893. ECF No. 9. Alternatively, the Court found the complaint was barred by the statute of limitations. Id.

Plaintiff now moves to alter or amend that judgment under Federal Rule of Civil Procedure 59(e). ECF No. 10. He asserts that he "is entitled to the tolling of the statu[t]e of limitations based upon the [continual] constitutional violations based upon the fact the bullet is still lodged inside Plaintiff's body." Id. "The Defendant County of Camden is liable based upon its customs, practices & policy." Id.

II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59, a court may alter or amend a judgment if the moving party can show "one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)).

Altering or amending a judgment is an extraordinary remedy, and "[m]otions under Rule 59(e) should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Ruscavage v. Zuratt, 831 F. Supp. 417, 418 (E.D. Pa. 1993).

III. DISCUSSION

The primary reason that the Court dismissed the complaint was because the complaint was duplicative of Civil Action No. 20-13893 that the Court dismissed in September 2022. ECF No. 9.

3

The Third Circuit affirmed that dismissal based on the statute of limitations. Demby v. City of Camden, No. 22-2941, 2023 WL 2160320, at *1 (3d Cir. Feb. 22, 2023). Plaintiff's motion does not address this conclusion, and that is enough to deny his Rule 59(e) motion. See Washington v. Gilmore, 825 F. App'x 58, 60 (3d Cir. 2020) (noting dismissal of complaints as duplicative of other federal litigation "is best understood as an exercise of the Court's inherent power"). However, the Court will address Plaintiff's statute of limitations argument in the interests of completion.

Plaintiff invokes the continuing violation doctrine, which 'is an 'equitable exception to the timely filing requirement.'" Tearpock-Martini v. Borough of Shickshinny, 756 F.3d 232, 236 (3d Cir. 2014) (quoting Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001)). "The doctrine applies 'when a defendant's conduct is part of a continuing practice,' and 'more than the occurrence of isolated or sporadic acts.'" Sosa v. Cnty. of Hudson, New Jersey, No. 20-0777, 2020 WL 5798761, at *2 (D.N.J. Sept. 28, 2020) (quoting Cowell, 263 F.3d at 292).

Plaintiff's complaint alleged that Camden County's policies, practices, or customs caused him to be shot on June 15, 2004. ECF No. 1 at 4. This is a single, discrete injury that was complete on June 15, 2004. Therefore, the continuing violation doctrine does not apply. "The limitations period

4

began to run when Demby 'knew or should have known of the injury upon which [the] action is based,' and it is clear from the complaint that Demby knew that he was shot when he suffered injuries to his elbow and hip in 2004." Demby v. City of Camden, No. 22-2941, 2023 WL 2160320, at *1 (3d Cir. Feb. 22, 2023) (alteration in original) (quoting Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)). For this reason, the Court will deny the motion.

IV.   CONCLUSION

For the reasons stated above, the motion to alter or amend the judgment will be denied.

An appropriate order follows.


Dated: October 20, 2023          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

5