```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JAMOR J. DEMBY,<br><br>       Plaintiff,<br><br>  v.<br><br>COUNTY OF CAMDEN,<br><br>       Defendant. | No. 23-cv-2042 (NLH-AMD)<br><br><br>OPINION AND ORDER |

APPEARANCE:

Jamor J. Demby
982910B/552013
The Kintock Group
4 South Industrial Blvd.
Bridgeton, NJ 08302

    *Plaintiff Pro se*

HILLMAN, District Judge

    This matter having been raised by Amended Motion of Plaintiff pro se Jamor Demby ("Plaintiff") to Alter or Amend Judgment pursuant Federal Rule of Civil Procedure 59(e) (ECF 14); and

    WHEREAS, on September 22, 2022, this Court dismissed a complaint filed by Plaintiff in which he sought damages from the City of Camden and Camden County for failing to protect him from being shot on June 15, 2004, see Demby v. City of Camden, No. 20-13893 (D.N.J. Sept. 22, 2022); and

WHEREAS, the Court granted a motion to dismiss on the grounds that the complaint, filed in 2020, was barred by the two-year statute of limitations for § 1983 actions; and

WHEREAS, Plaintiff appealed, and the Third Circuit summarily affirmed this Court's decision, see Demby v. City of Camden, No. 22-2941, 2023 WL 2160320, at *1 (3d Cir. Feb. 22, 2023); and

WHEREAS, Plaintiff filed the complaint in this action on April 10, 2023 alleging in full that "On 6/15/2004, while in the County of Camden, Plaintiff was shot in the City of Camden, in accordance to a custom, practice, policy or procedure in violation of Plaintiff's 14th Amendment rights due process. Plaintiff was in the City of Camden when this happened." ECF No. 1. at 4; and

WHEREAS, the Court dismissed the complaint with prejudice on September 14, 2023 as it was duplicative of Civil Action No. 20-13893 and, in the alternative, that the complaint was barred by the statute of limitations (ECF 9); and

WHEREAS, Plaintiff thereafter moved to alter or amend that judgment pursuant to Federal Rule of Civil Procedure 59 (ECF No. 10) asserting that because a bullet from the June 2004 shooting was still in his body he was entitled to equitable tolling, an argument the Court rejected by Opinion (ECF 12) and Order (ECF

13) filed on October 29, 2023, dismissing his case once more; and

WHEREAS, Plaintiff signed a Notice of Appeal to United States Court of Appeals for the 3d Circuit on November 2, 2023, which he mailed to the 3d Circuit on November 4, 2023, in which he again asserts the same equitable tolling argument rejected by this Court (ECF 15 & 16); and

WHEREAS, on October 29, 2023, Plaintiff signed, and on November 6, 2023 mailed for filing, the instant Amended Motion to Alter or Amend Judgment pursuant Federal Rule of Civil Procedure 59(e) which reasserts the very same equitable tolling argument previously rejected by this Court (ECF 14); and

WHEREAS, Plaintiff's appeal remains pending; and

WHEREAS, "[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing." Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011). Therefore, Plaintiff's appeal was filed before the Amended Motion; and

WHEREAS, the filing of Plaintiff's appeal divests this Court of jurisdiction on matters fairly within the scope of the pending appeal, see Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985)("As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a

3

district court of its control over those aspects of the case involved in the appeal.),

THEREFORE

IT IS on this 27th day of November, 2023

ORDERED that the Amended Motion to Alter or Amend the Judgment, ECF No. 14, be, and the same hereby is, DENIED FOR LACK OF SUBJECT MATTER JURISDICTION; and it is further

ORDERED that the Clerk of the Court shall serve Plaintiff with copies of the Opinion and Order via regular mail.


At Camden, New Jersey
        s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

4